996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles R. PARKER, Ambassador To The Lord, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF THE UNITED STATES; Attorney General Of
the State of Arizona; William Gumaer; Judge, Kingman
Justice Court, County of Mohave; J. Cooper, # 2174, State
Agent, in his Corporate Capacity and Martin J. Cooper;
Martin Rodgers, County Attorney, County of Mohave; Deputy
County Attorney, County of Mohave, Defendants-Appellees.
 
 1
 No. 92-17031.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 3
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Charles R. Parker appeals pro se the district court's order dismissing his claim against Arizona state defendants and granting summary judgment for defendants William Gumaer (Kingman Justice Court Judge) and the deputy county attorney for Mohave county.[1] Apparently, Parker was cited for several traffic violations including driving with fictitious license plates and speeding. Parker contends that he is not subject to state or federal laws because he has not acknowledged "citizenship" under the fourteenth amendment of the U.S. Constitution. We affirm.
 
 
 6
 We review de novo a district court's dismissal under Fed.R.Civ.P. 12 and 56. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989); Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989).
 
 
 7
 Parker asserts that he has natural, God given, rights that cannot be limited by the Constitution, state or federal statutes. He claims that the fourteenth amendment "deliberately denies and disparages" those rights. Because Parker professes to adhere "to a higher standard" of laws, he reasons that he is not subject to state and federal statutes. Parker maintains that his action is a "fundamental tort claim(s) of fraud and extortion of Congress and the state via its' agent's [sic], and not a claim for civil or constitutional rights."
 
 
 8
 The district court, after dismissing Parker's initial complaint and allowing him to file an amended complaint, dismissed Parker's action because, inter alia, he failed to raise a cognizable claim upon which relief could be granted. The district court acted properly. Parker failed to establish any factual or legal basis to support his claim for relief. See Gibson v. United States, 781 F.2d 1334, 1337-38 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Moreover, the district court did not err by concluding that Judge Gumaer and the deputy county attorney were immune from Parker's action. See Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976) (immunity to prosecutors); Pierson v. Ray, 386 U.S. 547, 554-55 (1967) (immunity of judges).
 
 
 9
 In short, we affirm for the reasons stated in the district court's October 26, 1992 order.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Parker added the Solicitor General of the United States and William Ekstrom, Jr. as defendants on his opening brief. Those parties were not named below and therefore, are not parties in this appeal
 
 
 [2]
 Parker also argues that the district court was biased. That claim is without merit because Parker failed to establish actual bias. See Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 465 (9th Cir.), cert. denied, 484 U.S. 853 (1987) (reversal based on judicial misconduct warranted only if proceeding was unfair)